## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**DARRELL L. MILES**                                                                                  **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:16-CV-P73-TBR**

**KENTUCKY DEPARTMENT**
**OF CORRECTIONS** *et al.*                                                                           **DEFENDANT**

### MEMORANDUM AND ORDER

On May 13, 2016, Plaintiff, Darrell L. Miles, who is proceeding *pro se*, filed a motion for a temporary restraining order (TRO) and a preliminary injunction (DN 1) in the United States District Court, Eastern District of Kentucky.  In a Memorandum Order (DN 3), the Eastern District of Kentucky transferred the motion to this Court in accordance with 28 U.S.C. § 1391(b) because the individually-named Defendants in the motion work for the Kentucky State Penitentiary (KSP), which is located in Western District of Kentucky, and because the events described in the motion allegedly occurred at KSP.  This motion was re-docketed as DN 7 when the action was transferred to this Court.

In Plaintiff's motion for a TRO and a preliminary injunction (DN 7), Plaintiff claims that inmates and/or corrections officers at KSP have been attacking him by placing feces in his throat while he sleeps and that prison personnel have acted with deliberate indifference to the attacks and have failed to protect him from an ongoing risk of serious harm.  Plaintiff alleges that he "has to cover his head with a pillow case and tie a shoe string around neck to slow down the attacks . . . ."  Plaintiff also alleges that "on two separate occasions the plaintiff's cell door was opened and the plaintiff was sexually assaulted" and that these assaults were witnessed by two different KSP officers.  With regard to his feces allegations, the Court notes that Plaintiff has a case pending in the Eastern District of Kentucky in which he makes similar allegations against

the inmates and officials at the two other correctional facilities where he has been most recently housed. *See Miles v. Ky. Dept. of Corr.,* Civil Action No. 5:15-126-JMH (E.D. Ky.). In that case, Plaintiff requested a preliminary injunction but not a TRO.

The relief that Plaintiff seeks is a "permanent injunction to stop the attacks in the future once plaintiff is transferred to another facility . . ." and a TRO "requiring the Correct Care Solutions staff to arrange for an examination and plan a treatment by a qualified specialist and 'a mandatory injunction order' requiring the act be performed." Plaintiff also requests that the Court order Defendants to stop retaliating against him for filing grievances and complaints and to stop discouraging "the reporting and prosecution of rule violations against staff when they are involved." Plaintiff further asks that the Court order Defendants to stop reading his legal mail. Plaintiff requests, "as an immediate resolution to the problem, transfer the plaintiff to 'Kentucky State Reformatory [KSR].'" He states that KSR is "an institution designed to meet inmate needs in the area of psychological/psychiatric and medical care." He also asks the Court to order the Correct Care Solutions medical staff state-wide to give Plaintiff proper medical care in the future.

Under Rule 65(b), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if:

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A), (B). In light of the nearly identical lawsuit Plaintiff has filed against officials at both Northpoint Training Center and Little Sandy Correctional Complex in the last year, the Court finds that Plaintiff has not provided specific facts clearly showing that immediate

or irreparable injury will result before Defendants can be heard in opposition and that a TRO is, therefore, not appropriate. However, the Court finds that a response to the motion for a preliminary injunction is warranted.

Accordingly, **IT IS HEREBY ORDERED** as follows:

The motion for a TRO (DN 7) is **DENIED**.

The Clerk of Court is **DIRECTED** to send KSP Warden Randy White a copy of the motion for a preliminary injunction (DN 7).

Defendant White shall file a response to the motion for a preliminary injunction (DN 7) within **14 days** from entry of this Memorandum and Order. The response shall contain such information as to assist this Court in determining whether a hearing on the matter is necessary. Plaintiff may file a reply within **14 days** of service of Defendant White's response.

Date:

cc: Plaintiff, *pro se*
    Warden Randy White, Kentucky State Penitentiary
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011